IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**WELLS FARGO BANK, N.A., A National Banking Association**,

    Plaintiff,

    v.

**VIVID DEVELOPMENT, INC., et al.**,

    Defendants.

No. CV 11-201-MO

OPINION AND ORDER OF REMAND

**MOSMAN, J.**,

Wells Fargo Bank, N.A., ("Wells Fargo") moves to remand this case to state court (#5). The defendants respond that this court has diversity jurisdiction and federal question jurisdiction.

## DISCUSSION

28 U.S.C. § 1441 outlines very specific rules that allow a case to be removed to federal court. If a case is improperly removed, the federal court must remand the case back to the state court.

There is a strong presumption against removing a case to federal court. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). The defendants bear the burden of establishing federal jurisdiction, and the court is required to resolve any ambiguity in favor of remanding. *Id.*

1 – OPINION AND ORDER OF REMAND

Here the defendants allege two bases for federal jurisdiction: diversity jurisdiction and federal question jurisdiction. Because both of these claims fail, I am required to remand this case to state court.

## I.     Diversity Jurisdiction

A case can be removed to federal court based on diversity only if (1) the citizenship of each plaintiff is different from that of each defendant, (2) the amount in controversy exceeds $75,000, and (3) none of the defendants are citizens of the forum state. 28 U.S.C. §§ 1332, 1441(b); *see also Hunter*, 582 F.3d at 1043; *Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 939 (9th Cir. 2006). All three of these requirements must be met.

Here the defendants admit that four of the defendants are citizens of Oregon, where this court sits. (Response (#7) ¶ 7.) Because this violates the third prong, diversity is not a proper basis to remove this case to federal court.[1]

## II.    Federal Question Jurisdiction

For this court to exercise federal question jurisdiction, the case must involve a question of federal law. 28 U.S.C. §§ 1331, 1441(b). For purposes of removal, this means there must be "a federal question . . . presented on the face of the plaintiff's properly pleaded complaint." *Hunter*, 582 F.3d at 1042. (internal quotations and citations omitted).

Here the defendants claim there is federal question jurisdiction because the Fair Debt Collections Practices Act is central to the case. (Response (#7) ¶ 11.) However, the complaint alleges only breach of contract. Perhaps the Fair Debt Collections Practices Act has some application to the situation that gave rise to this suit, but it has not been pled by the plaintiff, so it

---

[1] The defendants ask for the court's mercy, arguing that this failure is merely a matter of form, not substance. (Response (#7) ¶ 8.) While I sympathize with the defendants' unfamiliarity with litigation practices and grant them all the leniency I can to pro se litigants, this defect is one that cannot be cured merely through any change in form.

2 – OPINION AND ORDER OF REMAND

cannot be a basis for federal question jurisdiction. *See Hunter*, 582 F.3d at 1042 (holding that a plaintiff may avoid federal jurisdiction by relying exclusively on state law); *see also id.* (holding that a case "may not be removed to federal court on the basis of a federal defense.").

## CONCLUSION

Because the defendants have failed to show a proper basis for removal, I GRANT Wells Fargo's Motion to Remand (#5). I REMAND this case to state court.

IT IS SO ORDERED.

DATED this   13th   day of April, 2011.


/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court